**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CASE NO. CR505-021 |
| v. | ) | |
| | ) | |
| JAMES "JABBER" LEE | ) | |
| TODD SWEAT | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Todd Sweat ("Sweat") is charged with manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). Sweat filed a Motion to Suppress (Doc. No. 29), and the Government filed a Combined Response (Doc. No. 35). The undersigned conducted a hearing on March 7, 2006, at which Agent Bloodworth of the Southeast Georgia Drug Task Force testified for the Government, and Sweat testified on his own behalf. Sweat filed a post-hearing brief.

### FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

Agent Bloodworth, the lead investigator in this case, met Bacon County Magistrate Judge Boatright to seek a search warrant for property where he believed marijuana plants grew. Magistrate Judge Boatright and Agent Bloodworth had worked together on numerous occasions. Magistrate Judge Boatright had rejected Agent Bloodworth's initial application for a warrant until additional information was supplied. (Tr. at 12.)

AO 72A
(Rev. 8/82)

Under Oath, Agent Bloodworth told the Magistrate Judge that the Governor's task force observed, from a helicopter, marijuana plants growing near planted pines. He told the Magistrate Judge that Sweat lived on the property and "Jabber" James Lee owned two mobile homes there. (Tr. at 11.) Agent Bloodworth also told the Magistrate Judge that the helicopter pilot described several vehicles on the property: a golf cart, a pick-up truck, and a Ford Thunderbird. (Id.) The pilot told Agent Bloodworth that a man quickly loaded the golf cart and left in the truck. (Id.)

Agent Bloodworth submitted an affidavit and hand drawn map of the property to Magistrate Judge Boatright. (Tr. at 11-12.) After approximately twenty-five to thirty minutes, Magistrate Judge Boatright issued the warrant without hesitation or questions. (Tr. at 12-13.) During his search of the mobile home, Agent Bloodworth found a hemostat; scales; suspected residue; a zip lock plastic bag containing residue and seeds; an address book; and 98 marijuana plants growing behind the mobile home among planted pines. (Tr. at 13.)

According to Agent Bloodworth, the 98 marijuana plants were approximately 30 to 50 yards from Sweat's mobile home. The plants were approximately five to ten yards from the open area after Sweat's curtilage and averaged six feet in height. (Tr. at 18.) Agent Bloodworth stated that he did not have difficulty seeing the plants once he entered the pine forest. (Id.) Agent Bloodworth did not include the trailer park in the map of the property because he believed the park to be irrelevant due to its distance from the area to be searched. (Tr. at 16.) He did not provide the Magistrate Judge with an exact distance between the marijuana plants and Sweat's mobile home. The affidavit stated that the marijuana plants were in "near proximity" to Sweat's mobile home. (Tr. at 15.)

2

## ISSUES

Sweat contends that all evidence, and fruits of this evidence, found in a search of his home should be suppressed.  Sweat avers that the Magistrate Judge did not have probable cause to issue a warrant because the supporting affidavit: (1) relied on information from unnamed informants, without facts establishing their credibility; (2) did not mention the time period within which Agent Bloodworth gained the information from the informants; and (3) made conclusory allegations.  Sweat also contends that the good-faith exception to the warrant requirement does not apply because "the affidavit completely lacks indicia of probable cause, such that any belief in the existence of probable cause was unreasonable."  (Doc. No. 36, at p. 1.)  Sweat avers that the map of the property should not have been admitted at the evidentiary hearing and should not be considered in the Court's probable cause analysis.

In their consolidated brief, the Government asserts that the affidavit supports the warrant.  If the court does not find the affidavit to be sufficient, the Government contends that the good-faith exception applies.

## DISCUSSION AND CITATION TO AUTHORITY

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation."  U.S. CONST. amend. IV.  Probable cause "is a fluid concept--turning on the assessment of probabilities in particular factual contexts[.]"  United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (citing Illinois v. Gates, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329, 76 L. Ed. 2d 527 (1983).  The Fourth Amendment does not require that probable cause be determined solely by a written

AO 72A
(Rev. 8/82)

affidavit; a magistrate judge may supplement his determination through sworn oral statements from the investigating agent seeking the warrant. U.S. v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1997). "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." Brundidge, 170 F.3d at 1352.

The validity of a warrant affidavit is established through a demonstration of: (1) a connection between the defendant and the location to be searched; (2) a link between the location and the criminal activity; and (3) demonstration of the informant's veracity and basis of knowledge. United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). Independent corroboration of an informant's information negates the need to establish the veracity of his statements, Id. (citing United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000)).

Evaluating the totality of the information, particularly in light of the sworn oral testimony given by Agent Bloodworth to Magistrate Judge Boatright, probable cause existed for the issuance of the search warrant. Despite Sweat's attempt to limit the basis for the search warrant to three statements, the affidavit and oral testimony provided Magistrate Judge Boatright with specific information which he could use to appropriately make a probable cause determination. The affidavit established that the Task Force's pilot found the suspected marijuana plants growing near two mobile homes. (Doc. No. 29, Def.'s Ex. A, p. 1.) Agent Bloodworth outlined the pilot's information regarding the individuals at the scene, further supporting information Sweat attributes to an unnamed informant in the affidavit. (Id.) Agent Bloodworth also told the Magistrate Judge that one

4

of the mobile homes was vacant and used for storage, while Sweat rented the mobile home to be searched.  (Tr. at 11.)

Although Sweat argues that the information is not detailed, the affidavit specifically states that the pilot surveyed the land on August 6, 2003, the same day the Magistrate Judge issued the warrant.  As Agent Bloodworth testified, it is his experience that where marijuana plants are grown, materials associated with this activity are found nearby.  Agent Bloodworth's failure to name a specific witness to the events does not make his affidavit wholly invalid.  Given the "near proximity" to Sweat's mobile home, and the fact that the other mobile home near the plants was uninhabited, probable cause existed to search Sweat's mobile home.

It is unnecessary to address Sweat's contentions regarding Agent Bloodworth's use of a map to illustrate the location of the plants to Magistrate Judge Boatright.  Generally, Georgia law requires that extra documents used by a magistrate judge be incorporated by reference in the affidavit, when reviewing a probable cause determination.  See Franks v. State, 240 Ga. App. 685, 689 (Ga. Ct. App. 1999).  Otherwise, the Court may consider a magistrate judge's use of such a document when determining the application of the good-faith exception.  See Martin, 297 F.3d at 1309 (stating that a reviewing court may look outside the four corners of the affidavit to decide the application of the good-faith exception).  In the instant case, however, the affidavit satisfied the requirements to establish its validity.  See id. at 1314.  The affidavit combined with Agent Bloodworth's sworn testimony, exclusive of his presentation of the map, provided ample probable cause for Magistrate Judge Boatright to issue the search warrant.

5

AO 72A
(Rev. 8/82)

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Sweat's

Motion to Suppress be **DENIED**.

So **REPORTED** and **RECOMMENDED**, this ___10th___ day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev. 8/82)