FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUN 26 PM 1:25

SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO. CR505-021 |
| v. ) | |
| ) | |
| JAMES "JABBER" LEE ) | |
| TODD SWEAT ) | |

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of Magistrate Judge Graham, to which Defendant Sweat ("Sweat") filed Objections. In his Objections, Sweat contends that Magistrate Judge Graham should not have relied on Agent Bloodworth's non-transcribed statements to the State Magistrate Judge. Sweat avers that the affidavit submitted to the State Magistrate Judge was defective, supported by conclusory statements, and failed to provide specific facts. Sweat asserts that the good-faith exception does not apply in this case because Agent Bloodworth's affidavit "completely lacked indicia of probable cause such that the existence of probable cause was unreasonable." (Doc. No. 47, p. 3.)

Although Sweat correctly asserts that testimony in support of a warrant should generally be recorded, other Circuits have found that sworn statements made to a Magistrate Judge may be used to supplement a probable cause determination. See U.S. v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1997) (stating that unrecorded, sworn oral testimony

AO 72A
(Rev. 8/82)

may support a finding of probable cause for the issuance of a search warrant). Georgia state courts also allow state magistrate judges to assess sworn oral testimony when making a probable cause determination for a search warrant. See Pettus v. State, 237 Ga.App. 143, 514 S.E.2d 901, 903 (1999) ("It is well established that the trial court may consider the oral testimony presented to a magistrate [judge] in support of the issuance of the search warrant."); see Daniels v. State, 278 Ga. App. 332, 334, 617 S.E.2d 36, 39 (2006) (affirming the finding of probable cause, based in part on sworn oral testimony). The Court finds this authority persuasive, given the particular circumstances of the case. Further, Magistrate Judge Graham did not rely solely on these statements when making the determinations in his Report and Recommendation. He merely found that the Agent's sworn oral testimony to the state Magistrate Judge supported the legally sufficient affidavit he contemporaneously provided him.

Focusing on the affidavit itself, the affidavit provided sufficient information to make a finding of probable cause. The affidavit does not mention the use of an unnamed informant, as Sweat argues, and does not rely on unsupported conclusory statements. Agent Bloodworth relied on the statements of Georgia Task Force's helicopter pilot, named local individuals, as well as his own personal knowledge and expertise to substantiate his affidavit and the need for a search warrant. Under the totality of the circumstances, the state Magistrate Judge correctly determined that Agent Bloodworth's affidavit satisfied the necessary requirements to support the issuance of a valid search warrant. See United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).

2

AO 72A
(Rev. 8/82)

Sweat's Objections are without merit. Magistrate Judge Graham's Report and Recommendation is adopted as the opinion of the Court. Sweat's Motion to Suppress is **DENIED**.

SO ORDERED, this 26th day of June, 2006.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)